Per Curiam.

The judgment of conviction should be reversed on the law, the order denying defendant’s pretrial motion to dismiss on constitutional grounds should be reversed on the law and the facts and the complaint dismissed.
The defendant demonstrated, by a clear preponderance of evidence, that she was singled out for criminal prosecution by an intentional, purposeful and unusual selection process. The *752 manner of prosecution was not the same as that used in the case of other property owners similary situated and was in sharp contrast to the then existing pattern of enforcement of housing laws in New York City. The time allowed to defendant for correction of alleged housing violations was. so unreasonably, short as to make correction an impossibility and criminal conviction a certainty. The evidence leads irresistibly to the conclusion that this intentional discrimination and prosecution was in retaliation for defendant’s public exposure of corruption in the Department of Bulidings and was in nowise aimed at securing compliance with the housing laws.
In view of the prior proceedings herein (see People v. Walker, 14 N Y 2d 901), the evidence adduced by defendant at the pretrial hearing below required dismissal of the prosecution on the ground that defendant was deprived of her constitutional right to equal protection of laws.
Concur — Hofstadter, J. P., Hecht and Gold, JJ.
Judgment reversed, etc.